```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION
```

JIMMY QUINTIN GREEN,

       Plaintiff,            CIVIL ACTION NO. 05-CV-71093-DT

  vs.                      DISTRICT JUDGE DENISE PAGE HOOD

                                 MAGISTRATE JUDGE DONALD A. SCHEER

MATTHEW E. ALLEN, and
INKSTER POLICE DEPARTMENT

       Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: The instant prisoner civil rights Complaint alleging false arrest and malicious prosecution against the Inkster Police Department should be dismissed for failing to state a claim of municipal liability. I further recommend that plaintiff's Motion for Default Judgment against defendant Allen be denied, and that his "Criminal Complaint and Affidavit for the Arrest and Prosecution of Matthew E. Allen" be stricken as an inappropriate pleading in this civil action, or dismissed for failure to state a claim upon which relief may be granted. Finally, I recommend that Defendant Inkster Police Department's Motion to Compel Discovery be denied as moot.

    Plaintiff, while a federal prisoner in Terre Haute, Indiana, filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on March 21, 2005, against the Inkster Police Department and Alcohol, Tobacco and Firearms (ATF) special agent Matthew Allen. To date, Defendant Allen has not been served, and Plaintiff's claim against

him is not properly before this Court. Plaintiff filed a Motion for Summary Judgment on April 15, 2005. Defendant Inkster Police Department filed a response and cross motion for Summary Judgment on June 22, 2005.

## MUNICIPAL LIABILITY

No proper basis for a claim against the Inkster Police Department is alleged in the complaint. To state a claim for money damages under § 1983, a claimant must aver some specific, personal, wrongdoing on the part of the individual defendant, and theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976). The general rule is also that a local governmental unit may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom. Monell v. NYC Department of Social Services, 436 U.S. 658, 694 (1978). Proof of a single incident of unconstitutional activity by a nonpolicy-making official is not deemed sufficient. Oklahoma City v. Tuttle, 471 U.S. 808, 823-824 (1985). The local government's policy or custom must be the moving force of the constitutional violation. Monell, ibid.

In the instant case, plaintiff identifies no specific custom or policy which contributed to, or resulted in, his prosecution. While plaintiff alleged that the Inkster Police Department was grossly negligent for allowing ATF special agent Allen to use an office at police headquarters, allegations of negligence, even

2

gross negligence, do not set forth a claim under § 1983. <u>Gazette v. City of Pontiac</u>, 41 F.3d 1061, 1067 (6th Cir. 1994). Under Michigan law, governmental agencies are immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. MCL 691.1407(1); <u>Ross v. Consumers Power Co.</u>, 420 Mich. 567, 661 (1984). Therefore, any claims based upon municipal liability should be dismissed. Given this recommendation, Inkster Police Department's Motion to Compel (Docket #12) should be denied as moot.

<u>MOTION FOR DEFAULT JUDGMENT</u> (as to Matthew E. Allen)

Plaintiff seeks a default judgment against defendant Matthew E. Allen on the theory that the court should punish that defendant's "willful failure to follow court procedures." Presumably, the reference is to Allen's failure to file an Answer to plaintiff's Complaint. There is no indication in the record that Allen was served with a summons or a copy of the Complaint. A defendant has 20 days after being served with a a summons and complaint to file an answer. Fed.R.Civ.P. 12(a)(1)(A). In the absence of service, that time period had not begun to run against defendant Allen, and plaintiff's Motion for Default Judgment should be denied.

<u>CRIMINAL COMPLAINT AND AFFIDAVIT</u>

On June 14, 2005, plaintiff filed in this civil action a "Criminal Complaint and Affidavit for the Arrest and Prosecution of

3

Matthew E. Allen."  The complaint purports to charge Allen with perjury and false declaration before a grand jury in violation of 18 U.S.C. §§ 1621 and 1623.  Fed.R. Civ. P. 7(a) governs the pleadings allowed in a civil case.  The rule calls for a single complaint, which plaintiff filed on March 21, 2005.  No motion to amend that complaint had been filed, and plaintiff's effort to expand his claims by means of a second, simultaneous complaint is improper.  Further, any motion to amend his complaint or consolidate his perjury and false declarations claims with his original allegations would be futile, for the reason that he lacks standing to pursue a criminal action.

To the extent plaintiff brings the instant action as an effort to criminally prosecute special agent Allen under 18 U.S.C. §§ 1621 and 1623, such claims must be dismissed.  Private citizens have no standing to force arrests and prosecutions in federal court.  See <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973)("a private citizen lacks judicially cognizable interest in prosecution or non-prosecution of another").Consequently, plaintiff's Criminal Complaint (Docket #11) should be dismissed.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Hood's acceptance thereof is waived.

                                            <u>s/Donald A. Scheer</u>
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE

**DATED: July 8, 2005**

CERTIFICATE OF SERVICE

    I hereby certify on July 8, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 8, 2005.  Jimmy Green.

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217