UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY QUINTIN GREEN,

    Plaintiff,                        CIVIL ACTION NO. 05-CV-71093-DT

  vs.                              DISTRICT JUDGE DENISE PAGE HOOD
                                     MAGISTRATE JUDGE DONALD A. SCHEER

MATTHEW E. ALLEN, and
INKSTER POLICE DEPARTMENT

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant prisoner civil rights Complaint alleging false arrest and malicious prosecution against ATF agent Matthew Allen should be dismissed because plaintiff has failed to allege that his criminal conviction has been overturned or vacated.

\*   \*   \*

      Plaintiff, while a federal prisoner in Terre Haute, Indiana, filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on March 21, 2005, against the Inkster Police Department and Alcohol, Tobacco and Firearms (ATF) special agent Matthew Allen. Plaintiff alleged that his Fourth Amendment right to be free from illegal search and seizure was violated when he was arrested in November 2002, and charged by the City of Inkster Police Department following a domestic dispute involving a firearm. The case was removed to the jurisdiction of the United States District Court where Plaintiff was charged as a convicted felon in possession of a weapon which affected interstate

commerce in violation of 18 U.S.C. § 922(g).(See Criminal Complaint, attached as Exhibit B to Defendant Allen Motion for Summary Judgment). The Inkster Police Department was dismissed from the case by order of Judge Hood on August 2, 2005 (Docket #23).

In connection with the Criminal Complaint, Defendant Allen prepared an affidavit in which he stated that Plaintiff had been previously convicted of armed robbery on March 20, 1989, in the Wayne County Circuit Court (See Affidavit, attached as Exhibit C to Motion for Summary Judgment). Defendant Allen presented similar testimony before a federal grand jury, which later indicted Plaintiff on the charge of possessing a firearm as a convicted felon (See Grand Jury Testimony of Allen, attached as Exhibit D).  In fact, Plaintiff was convicted of two counts of assault with intent to commit great bodily harm and one count of felony firearm on March 13, 1989. He was sentenced to concurrent terms of 3 to 10 years on the assault convictions, and a consecutive term of two years on the felony firearm count on March 30, 1989 (See Judgment of Sentence, attached to Green's Motion to Suppress Description of his Felony Conviction at Docket #38 of the underlying federal criminal case 03-CR-80016-01 before Judge John Corbett O'Meara).

Following a jury trial, Plaintiff was convicted of being a felon in possession of a firearm.  He was sentenced to 3 to 10 years' imprisonment, and is currently serving this sentence at the United States Penitentiary in Terre Haute, Indiana (Exhibit F).  Claiming that he had been falsely arrested and maliciously prosecuted, Plaintiff seeks compensatory and punitive damages.  He argues that the information provided by Defendant Allen in his affidavit and later in his testimony before the federal grand jury

was false.  He maintains that he had never been convicted of armed robbery on March 20, 1989, in the Wayne County Circuit Court.

Defendant filed a Motion for Summary Judgment on November 14, 2005, contending, inter alia, that he was entitled to qualified immunity because his conduct did not violate clearly established statutory or constitutional rights which a reasonable person would have known.  Plaintiff filed a reply on December 13, 2005, arguing to the contrary.[1]

MALICIOUS PROSECUTION

Plaintiff's malicious prosecution claim should be dismissed because, if successful, it would imply the invalidity of his felon in possession of a firearm conviction. In Heck v. Humphrey, 512 U.S. 477 (1994) the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the Complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
>
> pp. 486-487

---

[1] Plaintiff mailed his reply to the court on December 13, 2005, but it was not sent docketed until after January 9, 2006.

In the instant case, Plaintiff has made no showing that his arrest for being a felon in possession of a firearm, which culminated in his subsequent jury-based federal conviction was even challenged on appeal, much less reversed, overturned or questioned. Therefore, Plaintiff's claims which purport to undermine his criminal conviction are precluded from review.[2]

ABSOLUTE IMMUNITY

It is well settled that all witnesses, even police officers, are absolutely immune from civil liability for their testimony in judicial proceedings.  Briscoe v. LaHue, 460 U.S. 325, 330-334 (1983); Spurlock v. Satterfield, 167 F.3d 995, 1001 (6th Cir. 1999); Alioto v. City of Shively, 835 F.2d 1173, 1174 (6th Cir. 1987).  Consequently, the monetary damage claim against Defendant Allen for allegedly giving false testimony before the grand jury must also be dismissed.

For the foregoing reasons, it is recommended that Defendant Allen's Motion for Summary Judgment should be granted and the instant Complaint dismissed. Given this recommendation, Plaintiff's respective Motions for Production of Documents and to Compel Answers to Interrogatories, filed on December 13, 2005, should be denied.

---

[2] If Plaintiff is challenging the fact or duration of his physical confinement alleging violations of his federal constitutional rights by improper police actions and judicial procedures leading to his conviction, then a civil rights complaint is an improper course of action. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973).

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Hood's acceptance thereof is waived.

                                      s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED: January 12, 2006

_____

### CERTIFICATE OF SERVICE

      I hereby certify on January 12, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 12, 2006. **Jimmy Quintin Green.**

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217